# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WHALECO INC., <br><br> Plaintiff, <br><br> v. <br><br> SHEIN TECHNOLOGY LLC, <br> ROADGET BUSINESS PTE. LTD., <br><br> Defendants. | Case No. 1:23-cv-03706-TJK |

## DEFENDANT SHEIN TECHNOLOGY LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I. BACKGROUND ..................................................................................................................1

II. ARGUMENT......................................................................................................................2

    A. Temu Fails To Satisfy Article III Standing Against Shein Technology...................2

    B. Temu Fails To State A Plausible Claim to Relief Against Shein Technology .................................................................................................................5

III. CONCLUSION...................................................................................................................8

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Am. Library Ass'n v. F.C.C.*,
   401 F.3d 489 (D.C. Cir. 2005) ............................................................................................... 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 5

*\*Bonilla-Santiago v. BLB Privatized Housing, LLC*,
   2022 WL 990681, at \*3 (D.D.C. Mar. 31, 2022) ................................................................. 6, 7

*\*Coubaly v. Cargill, Inc.*,
   610 F. Supp. 3d 173, 176 (D.D.C. 2022) ................................................................................ 3

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006) ................................................................................................................ 2

*Doe I v. Apple Inc.*,
   No. 1:19-CV-03737 (CJN), 2021 WL 5774224 (D.D.C. Nov. 2, 2021) .............................. 2, 3

*Fla. Audubon Soc. v. Bentsen*,
   94 F.3d 658 (D.C. Cir. 1996) .................................................................................................. 3

*Gunn v. Minton*,
   568 U.S. 251 (2013) ................................................................................................................ 2

*United States ex rel. Keaveney v. SRA Int'l, Inc.*,
   219 F. Supp. 3d 129 (D.D.C. 2016) ........................................................................................ 6

*\*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ................................................................................................................ 3

*Magruder v. Cap. One, Nat'l Ass'n*,
   540 F. Supp. 3d 1 (D.D.C. 2021) ............................................................................................ 3

*Price v. Coll. Park Honda*,
   No. CIV.A. 050624(PLF), 2006 WL 1102818 (D.D.C. Mar. 31, 2006) ................................ 6

*Quezada v. Marshall*,
   915 F. Supp. 2d 129 (D.D.C. 2013) ........................................................................................ 6

*Renne v. Geary*,
    501 U.S. 312 (1991)..................................................................................................2

*Robbins v. Castro*,
    No. 14-5298, 2015 WL 3372527 (D.C. Cir. May 6, 2015) .........................................4

*Robbins v. U.S. Dep't of Hous. & Urb. Dev.*,
    72 F. Supp. 3d 1 (D.D.C. 2014), *aff'd sub nom* ........................................................4

*RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*,
    682 F.3d 1043 (D.C. Cir. 2012)..................................................................................5

*Rysewyk v. Sears Holdings Corp.*,
    No. 15 CV 4519, 2015 WL 9259886 (N.D. Ill. Dec. 18, 2015) ..................................7

*Sheeran v. Blyth Shipholding S.A.*,
    No. CV 14-5482, 2015 WL 9048979 (D.N.J. Dec. 16, 2015) ....................................7

*\*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)....................................................................................................3

*WhaleCo Inc. v. Shein US Services, LLC, et al.*,
    Case No. 1:23-cv-11596-DJC (D. Mass. July 14, 2023), ECF No. 1 .........................1

*\*Whitlock v. U.S. Dep't of Homeland Sec.*,
    No. 21-CV-807 (DLF), 2022 WL 424983 (D.D.C. Feb. 11, 2022)............................4

*Williams v. Lew*,
    819 F.3d 466 (D.C. Cir. 2016)................................................................................2, 4

*In re Zinc Antitrust Litig.*,
    155 F. Supp. 3d 337 (S.D.N.Y. 2016).........................................................................7

### **Rules**

Fed. R. Civ. P. 12(b)(1)............................................................................................................2

Fed. R. Civ. P. 12(b)(6)............................................................................................................5

The Complaint alleges no specific facts regarding the relationship between Defendant Shein Technology LLC ("Shein Technology") and the claims asserted by Plaintiff Whaleco ("Temu") in this case. Temu's failure to advance such allegations renders all claims against Shein Technology deficient and subject to dismissal, for two separate reasons. *First*, because Temu fails to allege that any actions taken by Shein Technology caused Temu's alleged injury, Temu lacks Article III standing to bring claims against Shein Technology. *Second*, by entirely failing to explain how Shein Technology is involved in this case, Temu has failed to state any plausible claim to relief against Shein Technology. Accordingly, Shein Technology respectfully submits that the Court should dismiss all claims brought by Temu against Shein Technology.

## I.   BACKGROUND

Temu's Complaint mentions Shein Technology a total of just four times.

*First*, Shein Technology is named in the case caption alongside Defendant Roadget Business Pte. Ltd. ("Roadget"). *See* Compl. at i.

*Second*, Temu mentions Shein Technology in the opening paragraph of the Complaint when it "requests a Jury Trial against Defendants Shein Technology LLC and Roadget Business Pte. Ltd. (together, 'Shein' or 'Defendants')." *Id.* at 1.

*Third*, Temu alleges that "Defendant Shein Technology LLC has an office and employees located at 250 Massachusetts Avenue, NW, Washington, D.C., 20001." *Id.* ¶ 18.[1]

---

[1] That Shein Technology has an office in the District of Columbia may be the only reason it was named in Temu's Complaint. Temu recently brought—and later voluntarily dismissed—similar antitrust claims against Roadget in the District of Massachusetts. *See* Complaint, *WhaleCo Inc. v. Shein US Services, LLC, et al.*, Case No. 1:23-cv-11596-DJC (D. Mass. July 14, 2023), ECF No. 1; Stipulation of Dismissal, *WhaleCo Inc. v. Shein US Services, LLC, et al.*, Case No. 1:23-cv-11596-DJC (D. Mass. Oct. 26, 2023), ECF No. 51.

1

*Fourth*, Temu alleges that "Defendant Shein Technology LLC is an indirect, wholly-owned subsidiary of Roadget Business Pte. Ltd. and is located at 250 Massachusetts Avenue, NW, in Washington, D.C." *Id.* ¶ 25.

Beyond these four specific mentions, the Complaint does not explain how Shein Technology is connected to this case, and none of the exhibits attached to the Complaint mention Shein Technology. Although the Complaint is filled with allegations about "Shein" and "Defendants" collectively, Temu does not allege with any specificity how the distinct corporate entity of Shein Technology LLC is involved.

## II.     ARGUMENT

### A.     Temu Fails To Satisfy Article III Standing Against Shein Technology

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts have limited jurisdiction, *Gunn v. Minton*, 568 U.S. 251, 256 (2013), and a court presumes it lacks jurisdiction "unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). It is thus the plaintiff's burden to demonstrate that the Court has subject matter jurisdiction. *Doe I v. Apple Inc.*, No. 1:19-CV-03737 (CJN), 2021 WL 5774224, at *4, *5 (D.D.C. Nov. 2, 2021). When assessing a motion brought under Rule 12(b)(1), while the Court "accept[s] all well-pleaded factual allegations as true and draw[s] all reasonable inferences from those allegations in the plaintiff's favor, [the court] need not assume the truth of legal conclusions . . . [nor] accept threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Williams v. Lew*, 819 F.3d 466, 472 (D.C. Cir. 2016) (internal quotations omitted).

To establish Article III standing, a plaintiff must show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Because "standing is not dispensed in gross . . . a plaintiff must demonstrate standing for **each claim** he seeks to press against **each defendant**." *Magruder v. Cap. One, Nat'l Ass'n*, 540 F. Supp. 3d 1, 6–7 (D.D.C. 2021) (internal quotations and citations omitted) (emphasis added). If a plaintiff fails to establish standing, the Court must dismiss the case for lack of subject matter jurisdiction. *See Lujan*, 504 U.S. at 561 (noting that "[t]he party invoking federal jurisdiction bears the burden of establishing these [three] elements" of standing) (citation omitted). Indeed, "a showing of standing 'is an essential and unchanging' predicate to any exercise of [federal] jurisdiction." *Fla. Audubon Soc. v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (quoting *Lujan*, 504 U.S. at 560).

Courts in this district dismiss claims for lack of standing where a plaintiff fails to plead factual allegations tying a defendant's actions to the alleged injury. For example, in *Coubaly v. Cargill, Inc.*, the court considered a complaint brought by victims of child slavery on cocoa plantations in Côte d'Ivoire against American corporations involved in the cocoa trade. *See* 610 F. Supp. 3d 173, 176 (D.D.C. 2022). The court found that the plaintiffs failed to plead causation for Article III standing purposes because "the complaint d[id] not connect the defendants to any specific cocoa plantations[,] . . . nor d[id] it address the degree of influence that the defendants had over the plantations on which the plaintiffs worked." *Id.* at 180–81. Without tying any action taken by the defendants to any alleged injury, the "allegations lack[ed] the specificity necessary to establish causation with the particularity that Article III requires." *Id.* at 181; *see also Doe I v. Apple Inc.*, 2021 WL 5774224, at *8 ("At the very least, Plaintiffs would need to

3

allege specific facts laying out each Defendants' role in this protracted causal chain [leading to their injuries]."). In another case involving allegations of improper visa processing brought against various federal agencies and personnel, the court dismissed claims brought against the Department of Homeland Security ("DHS") because although the plaintiff "allege[d] that all of the defendants improperly adjudicated the visa application, he ma[de] no factual allegations as to how DHS improperly performed its role in the visa adjudication." *Whitlock v. U.S. Dep't of Homeland Sec.*, No. 21-CV-807 (DLF), 2022 WL 424983, at *4 (D.D.C. Feb. 11, 2022) (internal citation omitted). Without any such factual allegations, the court concluded that the alleged injury "cannot be attributed" to DHS, that the plaintiff "ha[d] not established standing" against DHS, and that, consequently, "the Court lack[ed] jurisdiction over the claims against [DHS]." *Id.*; s*ee also Robbins v. U.S. Dep't of Hous. & Urb. Dev.*, 72 F. Supp. 3d 1, 7 (D.D.C. 2014) (dismissing for lack of standing claims where "the complaint d[id] not state a specific nexus tying any action or inaction by HUD to [the plaintiff's injury]"), *aff'd sub nom. Robbins v. Castro*, No. 14-5298, 2015 WL 3372527 (D.C. Cir. May 6, 2015).

Here, there are simply no allegations tying any action taken by Shein Technology to any alleged injury. Beyond stating that Shein Technology is an indirect, wholly owned subsidiary of Roadget with an office in Washington, D.C., Temu makes no effort to explain whether or how Shein Technology is connected to any Digital Millennium Copyright Act takedown notices, any alleged intellectual property infringement, or any of the allegedly anticompetitive behavior in China. And merely defining "Shein" and "Defendants" to include Shein Technology at the outset of the Complaint is insufficient because "a merely conclusory statement alleging wrongdoing is insufficient to establish standing." *Whitlock*, 2022 WL 424983, at *4; *see also Williams v. Lew*, 819 F.3d 466, 472 (D.C. Cir. 2016) ("conclusory statements and legal

4

conclusions are insufficient to state a plausible basis for standing . . . ."); *Am. Library Ass'n v. F.C.C.*, 401 F.3d 489, 496 (D.C. Cir. 2005) (holding that "general averments" and "conclusory allegations" are not enough to establish standing).

By failing to explain how any actions or inactions by Shein Technology led to any alleged harm, Temu has failed to establish standing to bring any claims against Shein Technology. As such, Shein Technology should be dismissed for lack of subject matter jurisdiction.

### B. Temu Fails To State A Plausible Claim to Relief Against Shein Technology

The dearth of alleged facts about Shein Technology renders Temu's claims against it subject to dismissal for another reason: based on the facts alleged in the Complaint, no claim against Shein Technology is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the factual allegations in a complaint. To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

Courts in this district routinely dismiss claims under Rule 12(b)(6) where the complaint fails to adequately explain the defendant's role in the case. *See, e.g.*, *RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*, 682 F.3d 1043, 1048 (D.C. Cir. 2012) ("The

complaint alleges essentially six facts regarding [the defendant's] knowledge. None individually or taken together supports a plausible inference [of liability]."); *United States ex rel. Keaveney v. SRA Int'l, Inc.*, 219 F. Supp. 3d 129, 150–51 (D.D.C. 2016) ("[T]he Amended Complaint fails to allege [the defendant's] role in the alleged scheme . . . . vague and conclusory allegations [of collusion] are not sufficient to state a claim under Rule 12(b)(6)."); *Quezada v. Marshall*, 915 F. Supp. 2d 129, 134 (D.D.C. 2013) ("[The plaintiff] does not make any factual allegations either specifically against Mayor Gray or generally against the District of Columbia . . . . [a]ll federal claims against Mayor Gray will therefore be dismissed for failure to state a claim on which relief can be granted."); *Price v. Coll. Park Honda*, No. CIV.A. 050624(PLF), 2006 WL 1102818, at *8 (D.D.C. Mar. 31, 2006) (noting that the plaintiff "fail[ed] to mention in the body of the complaint at least four of the 15 defendants . . . [and] [o]f those defendants that are mentioned by name, the allegations regarding them are extremely brief and not clearly stated, so as to put them on notice of what [the plaintiff] alleges them to have done"). The four specific mentions of Shein Technology do not come close to stating a plausible claim to relief—they do not even explain what Shein Technology does and barely establish where Shein Technology has an office.[2]

Nor can Temu rely on "group pleading" to save its claims against Shein Technology. In *Bonilla-Santiago v. BLB Privatized Housing, LLC*, the court dismissed a defendant where it was "unable to identify any factual allegations . . . connecting [the defendant] to Plaintiffs or their claims[.]" No. 20-CV-2524 (TSC), 2022 WL 990681, at *3 (D.D.C. Mar. 31, 2022). The court

---

[2] Shein Technology is a Delaware Limited Liability Corporation with its principal place of business in California. *See* Delaware Dep't of State, Division of Corporations, File Number: 6065981, Shein Technology LLC. Temu's Complaint does not, and cannot, allege that the Washington, D.C. office is even Shein Technology's primary office or headquarters.

found that "the fact that [the defendant] is allegedly a subsidiary of [another defendant] is not, without more, a sufficient nexus." *Id.* So too here. The bare assertion that Shein Technology is "an indirect, wholly-owned subsidiary" of Roadget. is not enough to state a plausible claim against Shein Technology. Nor is it sufficient to lump Shein Technology in with the allegations against Roadget, particularly when they are distinct corporate entities. *See In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016) (rejecting group pleading and finding that "Plaintiffs must be able to separately state a claim against each and every defendant joined in this lawsuit," that "Plaintiffs' allegations as to a number of defendants . . . are sparse to the point of near non-existence or are grouped together with specific allegations relating to their affiliated but legally separate entities," and that such claims were therefore "subject to dismissal"); *Sheeran v. Blyth Shipholding S.A.*, No. CV 14-5482 (JBS/AMD), 2015 WL 9048979, at *2 (D.N.J. Dec. 16, 2015) (dismissing claims based on argument that "in lumping all of the defendants together and accusing them all of the same general negligent conduct, the Complaint fails to put [defendant] on notice of the claims against [it]"); *Rysewyk v. Sears Holdings Corp.*, No. 15 CV 4519, 2015 WL 9259886, at *7 (N.D. Ill. Dec. 18, 2015) ("The references to 'Sears' throughout the complaint are allegations directed to all three defendants. But such group pleading cannot save a complaint when more specific allegations do not shed light on the roles of the different entities.").

Because there are no specific allegations that would shed light on Shein Technology's role in the underlying allegations, as distinct from its indirect corporate parent Roadget, all claims against Shein Technology should be dismissed for failure to state a claim.[3]

---

[3] Shein Technology also joins in the arguments raised in the Motion to Dismiss filed concurrently herewith by Defendant Roadget Business Pte. Ltd.

III.   **CONCLUSION**

For the reasons stated above, Shein Technology respectfully asks that the Court grant its Motion to Dismiss.

Dated: March 1, 2024

/s/ *Michael D. Bonanno*
William Burck
williamburck@quinnemanuel.com
Michael D. Bonanno
mikebonanno@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, District of Columbia 20005-3314
(202) 538-8000

Michael E. Williams (*pro hac vice*)
michaelwilliams@quinnemanuel.com
John B. Quinn (*pro hac vice*)
johnqunn@quinnemanuel.com
Kevin Y. Teruya (*pro hac vice*)
kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

*Attorneys for Defendants SHEIN TECHNOLOGY LLC and ROADGET BUSINESS PTE. LTD.*