## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WHALECO INC.,

        Plaintiff,

   v.

SHEIN TECHNOLOGY LLC,

ROADGET BUSINESS PTE. LTD.,

        Defendants.

Case No. 1:23-cv-03706-TJK

## DEFENDANT ROADGET BUSINESS PTE. LTD.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Roadget Business Pte. Ltd. ("SHEIN") hereby sets forth the following Answer to Plaintiff WhaleCo Inc.'s ("Temu") Complaint dated December 13, 2023. Except as otherwise expressly set forth below, SHEIN denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the Complaint, and denies all allegations contained within the headings, footnotes, and images in the Complaint. Any allegation, averment, contention, or statement in the Complaint not specifically and unequivocally admitted is denied. SHEIN responds to each of the paragraphs of the Complaint as follows:

## RESPONSE TO "NATURE OF ACTION"

1.      SHEIN denies the allegations in paragraph 1 that SHEIN sees Temu U.S. as its greatest threat and that Temu U.S. is the target of malicious and unlawful conduct intended to thwart Temu's success. SHEIN denies the remaining allegations in paragraph 1 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

2.      SHEIN denies the allegations in paragraph 2 that SHEIN's efforts to illegally interfere with Temu's business, abuse the U.S. legal process, and infringe Temu's intellectual property rights have escalated recently and warrant immediate action by this Court. No response is required to the remaining allegations in paragraph 2 given the Court's September 30, 2025 order. To the extent a response is required, SHEIN denies the remaining allegations in paragraph 2.

3.      SHEIN denies the allegations in paragraph 3 about the purported valuations because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations. SHEIN denies the remaining allegations in paragraph 3.

4.      SHEIN denies the allegations in paragraph 4 that SHEIN has misused the U.S. legal system or engaged in anticompetitive conduct. SHEIN denies the remaining allegations in paragraph 4 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

5.      SHEIN denies the allegations in paragraph 5 made in subparagraphs (b), (c), and (d).  No response is required to the remaining allegations in paragraph 5 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the remaining allegations in paragraph 5.

6.      No response is required to the allegations in paragraph 6 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 6.

7.      SHEIN admits that it respects intellectual property rights.  To the extent the allegations of this paragraph purport to quote documents, they speak for themselves.  SHEIN denies the remaining allegations in paragraph 7.

8.      No response is required to the allegations in paragraph 8 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 8.

9.      SHEIN denies the allegations in paragraph 9.

10.      SHEIN denies the allegations in paragraph 10.

11.      SHEIN denies the allegations in paragraph 11.

12.      Paragraph 12 does not contain factual allegations but rather attorney argument to which no response is required.  To the extent a response is required, SHEIN denies the allegations in paragraph 12.

13.      SHEIN denies the allegations in paragraph 13.

14.      SHEIN denies the allegations in paragraph 14.

15.      SHEIN denies the allegations in paragraph 15 that its conduct violates District of Columbia common law relating to unfair competition, 15 U.S.C. § 1125(a), 17 U.S.C. § 101, et

seq., 17 U.S.C. § 411, and 17 U.S.C. § 512(f). No response is required to the remaining allegations in paragraph 15 given the Court's September 30, 2025 order. To the extent a response is required, SHEIN denies the remaining allegations in paragraph 15.

16. SHEIN denies the allegations in paragraph 16. The Court has already found no irreparable harm in its February 9, 2025 Memorandum Opinion & Order.

## RESPONSE TO "JURISDICTION AND VENUE"

17. Paragraph 17 states legal conclusions to which no responsive pleading is necessary. To the extent a responsive pleading is required, SHEIN admits that the Court has subject matter jurisdiction over the claims arising out of the copyright laws under 17 U.S.C. § 101, et seq. SHEIN denies the remaining allegations in paragraph 17.

18. Paragraph 18 states legal conclusions to which no responsive pleading is necessary. To the extent a responsive pleading is required, for purposes of this action only, Roadget Business Pte. Ltd. does not contest personal jurisdiction. No response is required to the allegations in paragraph 18 regarding Defendant Shein Technology LLC given the Court's September 30, 2025 order. To the extent a response is required, SHEIN denies those allegations. SHEIN denies the remaining allegations in paragraph 18.

19. Paragraph 19 states legal conclusions to which no responsive pleading is necessary. To the extent a responsive pleading is required, for purposes of this action only, Roadget Business Pte. Ltd. does not contest personal jurisdiction. SHEIN admits that products have been purchased by customers within this District. SHEIN denies the remaining allegations in paragraph 19.

20. Paragraph 20 states legal conclusions to which no responsive pleading is necessary. To the extent a responsive pleading is required, for purposes of this action only, Roadget Business Pte. Ltd. does not contest personal jurisdiction. SHEIN denies the remaining allegations in paragraph 20.

21. Paragraph 21 states legal conclusions to which no responsive pleading is necessary. To the extent a responsive pleading is required, for the purposes of this action only, Roadget Business Pte. Ltd. does not contest whether venue is appropriate in this District. SHEIN denies the remaining allegations in paragraph 21.

22. SHEIN denies the allegations in paragraph 22.

23. Paragraph 23 states legal conclusions to which no responsive pleading is necessary. To the extent a responsive pleading is required, for the purposes of this action only, Roadget Business Pte. Ltd. does not contest whether venue is appropriate in this District. SHEIN denies the remaining allegations in paragraph 23.

## RESPONSE TO "THE PARTIES"

24. SHEIN denies the allegations in paragraph 24 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

25. No response is required to the allegations in paragraph 25 given the Court's September 30, 2025 order.

26. SHEIN admits the allegations in paragraph 26 that Roadget Pte. Ltd. is a private limited company organized under the laws of the county of Singapore and that Roadget Pte. Ltd. owns the website https://us.shein.com and the corresponding mobile application. SHEIN denies the remaining allegations in paragraph 26.

## RESPONSE TO "FACTUAL ALLEGATIONS"

27. SHEIN denies the allegations in paragraph 27.

I.      **Response to "Shein's Multifaceted Scheme to Abuse the U.S. Copyright Office's Intellectual Property Protection Regime and Subvert the Purposes of the DMCA to Interfere with Temu's Growth"**

    A.      **Response to "Shein's Unlawful, Anticompetitive Exclusive-Dealing Agreements with Coercive IP Transfers from Suppliers to Shein"**

28.     No response is required to the allegations in paragraph 28 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 28.

29.     No response is required to the allegations in paragraph 29 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 29.

30.     No response is required to the allegations in paragraph 30 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 30.

31.     No response is required to the allegations in paragraph 31 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 31.

32.     No response is required to the allegations in paragraph 32 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 32.

33.     SHEIN denies the allegations in paragraph 33.

    B.      **Response to "Shein Uses Illegal IP Seizures for Pretextual IP Enforcement and a Mass-Scale Bad Faith Campaign of Sending Tens of Thousands of Sham DMCA Notices to Disrupt Temu's Operations"**

34.     SHEIN denies the allegations in paragraph 34.

35. Paragraph 35 states legal conclusions to which no responsive pleading is necessary. To the extent a response is required, SHEIN denies the allegations in paragraph 35.

36. Paragraph 36 states legal conclusions to which no responsive pleading is necessary. To the extent a response is required, SHEIN denies the allegations in paragraph 36.

37. SHEIN denies that Temu is a responsible and trusted marketplace, that it is committed to following the law, connecting legitimate sellers with U.S. consumers, and protecting intellectual property right. SHEIN denies the remaining allegations in paragraph 37 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

38. SHEIN denies the allegations in paragraph 38 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

39. SHEIN denies the allegations in paragraph 39.

40. SHEIN denies the allegations in paragraph 40 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

41. SHEIN admits that much of Temu's copyright infringement related to photographs. SHEIN denies the remaining allegations in paragraph 41.

42. SHEIN denies the allegations in paragraph 42 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

43. SHEIN denies the allegations in paragraph 43 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

44. SHEIN denies the allegations in paragraph 44.

45. SHEIN denies the allegations in paragraph 45.

46. SHEIN denies the allegations in paragraph 46.

47. SHEIN denies the allegations in paragraph 47.

48.     No response is required to the allegations in paragraph 48 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 48.

49.     SHEIN denies the allegations in paragraph 49.

50.     SHEIN denies the allegations in paragraph 50.

51.     SHEIN denies the allegations in paragraph 51.

52.     SHEIN denies the allegations in paragraph 52.

53.     No response is required to the allegations in paragraph 53 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 53.

54.     SHEIN denies the allegations in paragraph 54.

**C.     Response to "Shein Has Defrauded the U.S. Copyright Office and Obtained Improper Copyright Registrations that It Has Asserted Against Temu"**

55.     SHEIN denies the allegations in paragraph 55.

56.     SHEIN denies the allegations in paragraph 56 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "review" that was purportedly conducted.  SHEIN admits that many of its copyright registrations cover multiple photographs.

57.     SHEIN denies the allegations in paragraph 57.

58.     SHEIN denies the allegations in paragraph 58.

59.     SHEIN admits that it asserted copyright infringement claims against Temu in a separate action and that certain copyright registrations have received supplemental registrations. SHEIN denies the remaining allegations in paragraph 59.

60.    SHEIN admits that it asserted copyright infringement claims against Temu in a separate action and that certain copyright registrations have received supplemental registrations. SHEIN denies the remaining allegations in paragraph 60.

61.    SHEIN denies the allegations in paragraph 61 related to listings on third-party platforms including Amazon, eBay, Walmart, and Poshmark, among others, because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  SHEIN denies the remaining allegations in paragraph 61.

62.    SHEIN denies the allegations in paragraph 62 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

63.    SHEIN denies the allegations in paragraph 63 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

64.    SHEIN denies the allegations in paragraph 64 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

65.    SHEIN denies the allegations in paragraph 65.

66.    SHEIN denies the allegations in paragraph 66.

67.    No response is required to the allegations in paragraph 67 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 67.

68.    SHEIN denies the allegations in paragraph 68.

69.    SHEIN denies the allegations in paragraph 69.

70.    SHEIN denies the allegations in paragraph 70.

**D.    Response to "Shein's Bad-Faith DMCA Campaign to Cripple Temu and Tie Up Suppliers"**

71.    SHEIN denies the allegations in paragraph 71.

72.    SHEIN denies the allegations in paragraph 72.

    **1.    Response to "Shein's Submission of Thousands of False DMCA Notices Where Shein Neither Owns the Asserted Works nor Has the Required Authorization from the Copyright Owner"**

73.    SHEIN denies the allegations in paragraph 73.

74.    SHEIN denies the allegations in paragraph 74 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

75.    SHEIN denies the allegations in paragraph 75.

76.    SHEIN denies the allegations in paragraph 76.

77.    No response is required to the allegations in paragraph 77 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 77.

78.    SHEIN denies the allegations in paragraph 78 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

79.    SHEIN admits that it sent Temu takedown notices pursuant to the DMCA.  The notice speaks for itself.  SHEIN denies the remaining allegations in paragraph 79.

    **2.    Response to "Shein's Accusations Against Products Unrelated to Its Asserted Copyrighted Images to Interfere with Temu's Business"**

80.    SHEIN denies the allegations in paragraph 80.

81.    SHEIN denies the allegations in paragraph 81 that it had any malintent or that Temu was harmed.  SHEIN denies the allegations in paragraph 81 that Temu had to spend countless hours combing through hundreds of links because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent the allegations of this paragraph purport to cite documents, they speak for themselves.

82.    SHEIN denies the allegations in paragraph 82.

### 3.    Response to "Shein's DMCA Notices Against Non-Infringing Images"

83.    Paragraph 83 states legal conclusions to which no responsive pleading is necessary. To the extent a responsive pleading is required, SHEIN denies the allegations in paragraph 83. SHEIN denies the remaining allegations in paragraph 83.

84.    SHEIN denies the allegations in paragraph 84.

85.    SHEIN denies the allegations in paragraph 85.

86.    SHEIN denies the allegations in paragraph 86.

87.    SHEIN denies the allegations in paragraph 87 that its takedown notices fail to comply with the DMCA.  SHEIN denies the remaining allegations in paragraph 87 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

88.    SHEIN denies the allegations in paragraph 88.

### 4.    Response to "Shein Intentionally Has Misused the DMCA Process to Interfere with Temu's Business"

89.    SHEIN denies the allegations in paragraph 89 related to the recent sampling because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  SHEIN denies the remaining allegations in paragraph 89.

90.    SHEIN denies the allegations in paragraph 90.

91.    SHEIN admits that it sent Temu takedown notices pursuant to the DMCA.  The notice speaks for itself.

92.    SHEIN admits that it sent Temu takedown notices pursuant to the DMCA.  The notice speaks for itself.  SHEIN denies the remaining allegations in paragraph 92.

93.    SHEIN admits that it sent Temu takedown notices pursuant to the DMCA.  The notice speaks for itself.  SHEIN denies the remaining allegations in paragraph 93.

94.    SHEIN denies the allegations in paragraph 94.

95.     SHEIN denies the allegations in paragraph 95.

96.     SHEIN denies the allegations in paragraph 96.

97.     SHEIN denies the allegations in paragraph 97.

> **5.     Response to "Shein Relied on Its Mass-Scale DMCA Fraud to Launch Bogus Legal Actions Against Temu (Directly and by Proxy)"**

98.     No response is required to the allegations in paragraph 98 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 98.

99.     No response is required to the allegations in paragraph 99 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 99.

100.    No response is required to the allegations in paragraph 100 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 100.

101.    No response is required to the allegations in paragraph 101 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 101.

## II.    Response to "Shein's Abuse of the Copyright System Is Part of a Pattern of Defrauding and Abusing the U.S. Legal System"

102.    Paragraph 102 states legal conclusions to which no responsive pleading is necessary.  No response is required to the remaining allegations in paragraph 102 given the Court's September 30, 2025 order.  To the extent the allegations of this paragraph purport to cite to documents, they speak for themselves.  To the extent a response is required, SHEIN denies the allegations in paragraph 102.

103.    No response is required to the allegations in paragraph 103 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 103.

**A.    Response to "The U.S. Copyright Office and Its Fundamental Reliance on the Candor of Applicants"**

104.    SHEIN denies the allegations in paragraph 104 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

105.    Paragraph 105 states legal conclusions to which no responsive pleading is necessary.  The quoted material speaks for itself.  To the extent a response is required, SHEIN denies the allegations because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

106.    Paragraph 106 states legal conclusions to which no responsive pleading is necessary.  The quoted material speaks for itself.  To the extent a response is required, SHEIN denies the allegations because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

107.    Paragraph 107 does not contain factual allegations but rather attorney argument to which no response is required.  To the extent a response is required, SHEIN denies the allegations because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

**B.    Response to "Shein Is a Potemkin Village"**

108.    SHEIN denies the allegations in paragraph 108.

109.    SHEIN denies the allegations in paragraph 109 that quote from various sources because it lacks knowledge or information sufficient to form a belief as to the truth of the

allegations. To the extent the allegations of this paragraph purport to cite to documents, they speak for themselves. SHEIN denies the remaining allegations in paragraph 109.

110. No response is required to the allegations in paragraph 110 given the Court's September 30, 2025 order. To the extent the allegations of this paragraph purport to cite to documents, they speak for themselves. To the extent a response is required, SHEIN denies the allegations in paragraph 110.

111. SHEIN denies the allegations in paragraph 111.

**C.    Response to "Shein's Scheme Relies on Information Asymmetry Between U.S. Courts and Other Countries"**

112. SHEIN admits that there have been infringement lawsuits filed against it in the United States and that protecting intellectual property is one of its key priorities. To the extent the allegations of this paragraph purport to cite to documents, they speak for themselves. SHEIN denies the remaining allegations in paragraph 112.

113. SHEIN admits that there have been infringement lawsuits filed against it in the United States and Hong Kong. SHEIN denies the remaining allegations in paragraph 113.

114. No response is required to the allegations in paragraph 114 given the Court's September 30, 2025 order. To the extent a response is required, SHEIN denies the allegations in paragraph 114.

115. No response is required to the allegations in paragraph 115 given the Court's September 30, 2025 order. To the extent the allegations of this paragraph purport to cite to documents, they speak for themselves. To the extent a response is required, SHEIN denies the allegations in paragraph 115.

116. No response is required to the allegations in paragraph 116 given the Court's September 30, 2025 order. To the extent the allegations of this paragraph purport to cite to

documents, they speak for themselves.  To the extent a response is required, SHEIN denies the allegations in paragraph 116.

**D.    Response to "Shein's Corporate Camouflage and Shape-Shifting Corporate Entities"**

117.    SHEIN denies the allegations in paragraph 117.

118.    SHEIN admits that it was founded in Nanjing, China, in or around 2008.

119.    SHEIN denies the allegations in paragraph 119.

120.    SHEIN denies the allegations in paragraph 120.

121.    SHEIN admits that Roadget Business Pte, Ltd was assigned ownership of the SHEIN mark in 2021.  Except as otherwise expressly admitted, SHEIN denies the allegations of paragraph 121.

122.    The allegations in paragraph 122 are vague and ambiguous, including but not limited to the terms "corporate affiliates," such that SHEIN lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations of paragraph 122.

123.    SHEIN admits that Roadget Pte. Ltd. is a private limited company organized under the laws of the county of Singapore.  SHEIN denies the remaining allegations in paragraph 123.

124.    SHEIN admits that there have been infringement lawsuits filed against Roadget and Zoetop in the United States.  SHEIN denies the remaining allegations in paragraph 124.

125.    SHEIN denies the allegations in paragraph 125.

126.    SHEIN denies the allegations in paragraph 126.

127.    To the extent the allegations in paragraph 127 purport to cite documents, they speak for themselves.  To the extent a response is required, SHEIN denies the allegations in paragraph

127 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

128.    To the extent the allegations in paragraph 128 purport to cite documents, they speak for themselves.  To the extent a response is required, SHEIN denies the allegations in paragraph 128 because it lacks knowledge or information sufficient to form a belief as to the source of the statements cited.

129.    SHEIN denies the allegations in paragraph 129.

**III.  Response to "Shein's Scheme to Foreclose Temu from Supply Through False Imprisonment, Exclusive-Dealing Agreements, Loyalty Attestations, Phone Seizures, and Unauthorized Searches of Merchants' Phones"**

130.    No response is required to the allegations in paragraph 130 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 130.

131.    No response is required to the allegations in paragraph 131 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 131.

132.    No response is required to the allegations in paragraph 132 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 132.

**A.  Response to "Shein's Abuse of Its Monopoly Position through Improper Seizures of IP Rights and Exclusive-Dealing Agreements"**

133.    No response is required to the allegations in paragraph 133 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 133.

134.    No response is required to the allegations in paragraph 134 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 134.

135.    No response is required to the allegations in paragraph 135 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 135.

136.    No response is required to the allegations in paragraph 136 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 136.

137.    No response is required to the allegations in paragraph 137 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 137.

138.    No response is required to the allegations in paragraph 138 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 138.

139.    No response is required to the allegations in paragraph 139 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 139.

140.    No response is required to the allegations in paragraph 140 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 140.

141.    No response is required to the allegations in paragraph 141 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 141.

142.    No response is required to the allegations in paragraph 142 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 142.

143.    No response is required to the allegations in paragraph 143 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 143.

144.    No response is required to the allegations in paragraph 144 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 144.

145.    No response is required to the allegations in paragraph 145 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 145.

146.    No response is required to the allegations in paragraph 146 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 146.

147.    No response is required to the allegations in paragraph 147 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 147.

148.    No response is required to the allegations in paragraph 148 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 148.

149.    No response is required to the allegations in paragraph 149 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 149.

150.    No response is required to the allegations in paragraph 150 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 150.

151.    No response is required to the allegations in paragraph 151 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 151.

**B.    Response to "Shein's Coercion of Suppliers to Enforce Its Exclusivity Requirements and IP Seizures—False Imprisonment of Vendors Who Deal with Temu, Loyalty Attestations, Public Shaming, and Mafia-Style Intimidation"**

152.    No response is required to the allegations in paragraph 152 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 152.

**1.    Response to "Shein Demands that Manufacturers Execute False and Misleading Loyalty Attestations Against Temu"**

153.    No response is required to the allegations in paragraph 153 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 153.

154.    No response is required to the allegations in paragraph 154 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 154.

**2.    Response to "Shein Has Threatened Suppliers that It Would 'Go After' Anyone That Supplied Temu or Any Other Third Party"**

155.    No response is required to the allegations in paragraph 155 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 155.

156.    No response is required to the allegations in paragraph 156 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 156.

**3.    Response to "Shein Has Used Public Penalty Notices to Publicly Shame Suppliers Who Did Business with Temu and to Intimidate Other Suppliers"**

157.    No response is required to the allegations in paragraph 157 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 157.

158.    No response is required to the allegations in paragraph 158 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 158.

159.    No response is required to the allegations in paragraph 159 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 159.

160.    No response is required to the allegations in paragraph 160 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 160.

161.    No response is required to the allegations in paragraph 161 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 161.

> **4.    Response to "Shein Has Falsely Imprisoned Suppliers' Representatives, Searched Their Phones for Temu's Proprietary Information Without Permission, and Made Additional Threats"**

162.    No response is required to the allegations in paragraph 162 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 162.

163.    No response is required to the allegations in paragraph 163 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 163.

164.    No response is required to the allegations in paragraph 164 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 164.

165.    No response is required to the allegations in paragraph 165 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 165.

166.    No response is required to the allegations in paragraph 166 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 166.

167.    No response is required to the allegations in paragraph 167 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 167.

168.    No response is required to the allegations in paragraph 168 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 168.

### C.    Response to "Shein's Anticompetitive Pricing Floor Requirements"

169.    No response is required to the allegations in paragraph 169 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 169.

170.    No response is required to the allegations in paragraph 170 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 170.

171.    No response is required to the allegations in paragraph 171 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 171.

### IV.    Response to "Shein Has Copied Temu's Copyrighted Games and Arcade-Style Trade Dress to Steal Temu's Customers"

172.    SHEIN denies the allegations in paragraph 172.

173.    SHEIN denies the allegations in paragraph 173.

174.    SHEIN denies the allegations in paragraph 174.

### A.    Response to "Shein Has Copied Temu's Copyrighted Games to Increase Customer Acquisition"

#### 1.    Response to "Shein's Infringement of Temu's Registered Copyrights"

175.    SHEIN denies the allegations in paragraph 175.

176.    SHEIN denies the allegations in paragraph 176.

177.    SHEIN denies the allegations in paragraph 177.

> **2.    Response to "Temu's Copyrighted Games Are Particularly Valuable as They Are Designed to Acquire New Customers and Deepen Engagement with Current Users"**

178.    SHEIN denies the allegations in paragraph 178.

179.    SHEIN denies the allegations in paragraph 179.

180.    SHEIN denies the allegations in paragraph 180.

> **3.    Response to "Shein Has Hired Temu's Key Marketing and Advertising Personnel Who Had Access to Highly-Confidential Information and Know-How Including for Temu's Trade Dress that Shein Copied"**

181.    SHEIN denies the allegations in paragraph 181.

182.    SHEIN denies the allegations in paragraph 182.

183.    SHEIN denies the allegations in paragraph 183 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

184.    SHEIN denies the allegations in paragraph 184 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

185.    SHEIN denies the allegations in paragraph 185 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

> **B.    Response to "Shein Has Copied Temu's Arcade-Style Trade Dress"**

186.    SHEIN denies the allegations in paragraph 186.

187.    SHEIN denies the allegations in paragraph 187 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

188.    SHEIN denies the allegation in paragraph 188 that it has copied Temu's promotions or employed a deliberate strategy to mimic Temu's success.  SHEIN denies the remaining

allegations in paragraph 188 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

189.    SHEIN denies the allegations in paragraph 189 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

190.    SHEIN denies the allegations in paragraph 190 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### 1.    Response to "Temu's Arcade Trade Dress Is Distinctive and Valuable"

191.    SHEIN denies the allegations in paragraph 191.

192.    SHEIN denies the allegations in paragraph 192 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

193.    SHEIN denies the allegations in paragraph 193.

194.    SHEIN denies the allegations in paragraph 194.

195.    SHEIN denies the allegations in paragraph 195.

196.    SHEIN denies the allegations in paragraph 196 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

197.    SHEIN denies the allegations in paragraph 197 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

198.    SHEIN denies the allegations in paragraph 198 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

199.    SHEIN denies the allegations in paragraph 199 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

200.    SHEIN denies the allegations in paragraph 200 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

201.    SHEIN denies the allegations in paragraph 201 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### 2.    Response to "Shein's Improper Acts"

202.    SHEIN denies the allegations in paragraph 202.

203.    SHEIN denies the allegations in paragraph 203.

204.    SHEIN denies the allegations in paragraph 204.

205.    SHEIN denies the allegations in paragraph 205.

## V.    Response to "Shein's Misappropriation of Temu's Trade Secrets"

206.    No response is required to the allegations in paragraph 206 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 206.

207.    No response is required to the allegations in paragraph 207 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 207.

208.    No response is required to the allegations in paragraph 208 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 208.

209.    No response is required to the allegations in paragraph 209 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 209.

210.    No response is required to the allegations in paragraph 210 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 210.

211.     No response is required to the allegations in paragraph 211 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 211.

## VI.     Response to "Injury to Temu, Consumers, and Competition"

212.     No response is required to the allegations in paragraph 212 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 212.

213.     No response is required to the allegations in paragraph 213 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 213.

214.     No response is required to the allegations in paragraph 214 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 214.

215.     No response is required to the allegations in paragraph 215 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 215.

216.     No response is required to the allegations in paragraph 216 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 216.

217.     No response is required to the allegations in paragraph 217 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 217.

218.    No response is required to the allegations in paragraph 218 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 218.

219.    No response is required to the allegations in paragraph 219 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 219.

220.    SHEIN denies the allegations in paragraph 220.

221.    SHEIN denies the allegations in paragraph 221.

222.    SHEIN denies the allegations in paragraph 222.

223.    No response is required to the allegations in paragraph 223 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 223.

224.    No response is required to the allegations in paragraph 224 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 224.

## <u>RESPONSE TO "CLAIMS"</u>

### Response to "COUNT I FALSE DMCA TAKEDOWN NOTICE (17 U.S.C. § 512(f))"

225.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

226.    Paragraph 226 states legal conclusions to which no responsive pleading is necessary.

227.    SHEIN denies the allegations in paragraph 227.

228.    SHEIN denies the allegations in paragraph 228.

229.    SHEIN denies the allegations in paragraph 229.

230.    SHEIN denies the allegations in paragraph 230 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

231.    SHEIN denies the allegations in paragraph 231.  The Court has already found no irreparable harm in its February 9, 2025 Memorandum Opinion & Order.

**Response to "COUNT II COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)"**

232.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

233.    SHEIN denies the allegations in paragraph 233 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

234.    SHEIN admits that it had access to Temu's publicly available mobile app and website.  SHEIN denies the remaining allegations in paragraph 234.

235.    SHEIN denies the allegations in paragraph 235.

236.    SHEIN denies the allegations in paragraph 236.

237.    SHEIN denies the allegations in paragraph 237.

238.    SHEIN denies the allegations in paragraph 238.

**Response to "COUNT III INACCURATE COPYRIGHT REGISTRATIONS (17 U.S.C. § 411)"**

239.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

240.    SHEIN denies the allegations in paragraph 240.

241.    SHEIN denies the allegations in paragraph 241.

242.    SHEIN denies the allegations in paragraph 242.

243.    SHEIN denies the allegations in paragraph 243.

**Response to "COUNT IV TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))"**

244.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

245.    SHEIN denies the allegations in paragraph 245.

246.    SHEIN denies the allegations in paragraph 246.

**Response to "COUNT V MISAPPROPRIATION OF TRADE SECRETS (18 U.S.C. § 1831, et seq.)"**

247.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

248.    No response is required to the allegations in paragraph 248 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 248.

249.    No response is required to the allegations in paragraph 249 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 249.

250.    No response is required to the allegations in paragraph 250 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 250.

251.    No response is required to the allegations in paragraph 251 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 251.

252.    No response is required to the allegations in paragraph 252 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 252.

253.    No response is required to the allegations in paragraph 253 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 253.

254.    No response is required to the allegations in paragraph 254 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 254.

255.    No response is required to the allegations in paragraph 255 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 255.

256.    No response is required to the allegations in paragraph 256 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 256.

257.    No response is required to the allegations in paragraph 257 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 257.

258.    No response is required to the allegations in paragraph 258 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 258.

259.    No response is required to the allegations in paragraph 259 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 259.

260.     No response is required to the allegations in paragraph 260 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 260.

**Response to "COUNT VI MISAPPROPRIATION OF TRADE SECRETS (D.C. CODE § 36-401, et seq.)"**

261.     SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

262.     No response is required to the allegations in paragraph 262 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 262.

263.     No response is required to the allegations in paragraph 263 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 263.

264.     No response is required to the allegations in paragraph 264 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 264.

265.     No response is required to the allegations in paragraph 265 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 265.

266.     No response is required to the allegations in paragraph 266 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 266.

267.    No response is required to the allegations in paragraph 267 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 267.

268.    No response is required to the allegations in paragraph 268 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 268.

269.    No response is required to the allegations in paragraph 269 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 269.

270.    No response is required to the allegations in paragraph 270 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 270.

271.    No response is required to the allegations in paragraph 271 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 271.

272.    No response is required to the allegations in paragraph 272 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 272.

273.    No response is required to the allegations in paragraph 273 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 273.

274.    No response is required to the allegations in paragraph 274 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 274.

**Response to "COUNT VII VIOLATION OF SECTION 1 OF THE SHERMAN ACT (15 U.S.C. § 1)"**

275.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

276.    No response is required to the allegations in paragraph 276 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 276.

277.    No response is required to the allegations in paragraph 277 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 277.

278.    No response is required to the allegations in paragraph 278 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 278.

279.    No response is required to the allegations in paragraph 279 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 279.

280.    No response is required to the allegations in paragraph 280 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 280.

**Response to "COUNT VIII MONOPOLIZATION IN VIOLATION OF SECTION 2 OF THE SHERMAN ACT (15 U.S.C. § 2)"**

281.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

282.    No response is required to the allegations in paragraph 282 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 282.

283.    No response is required to the allegations in paragraph 283 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 283.

284.    No response is required to the allegations in paragraph 284 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 284.

285.    No response is required to the allegations in paragraph 285 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 285.

286.    No response is required to the allegations in paragraph 286 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 286.

287.    No response is required to the allegations in paragraph 287 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 287.

288.    No response is required to the allegations in paragraph 288 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 288.

289.    No response is required to the allegations in paragraph 289 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 289.

290.    No response is required to the allegations in paragraph 290 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 290.

### Response to "COUNT IX ATTEMPTED MONOPOLIZATION IN VIOLATION OF SECTION 2 OF THE SHERMAN ACT (15 U.S.C. § 2)"

291.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

292.    No response is required to the allegations in paragraph 292 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 292.

293.    No response is required to the allegations in paragraph 293 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 293.

294.    No response is required to the allegations in paragraph 294 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 294.

295.    No response is required to the allegations in paragraph 295 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 295.

296.    No response is required to the allegations in paragraph 296 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 296.

297.    No response is required to the allegations in paragraph 297 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 297.

298.    No response is required to the allegations in paragraph 298 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 298.

299.    No response is required to the allegations in paragraph 299 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 299.

**Response to "COUNT X VIOLATION OF SECTION 3 OF THE CLAYTON ACT (15 U.S.C. § 14)"**

300.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

301.    No response is required to the allegations in paragraph 301 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 301.

302.    No response is required to the allegations in paragraph 302 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 302.

303.    No response is required to the allegations in paragraph 303 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 303.

304.    No response is required to the allegations in paragraph 304 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 304.

305.    No response is required to the allegations in paragraph 305 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 305.

306.    No response is required to the allegations in paragraph 306 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 306.

307.    No response is required to the allegations in paragraph 307 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 307.

**Response to "COUNT XI RESTRAINTS OF TRADE (D.C. CODE § 28-4502)"**

308.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

309.    No response is required to the allegations in paragraph 309 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 309.

310.    No response is required to the allegations in paragraph 310 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 310.

311.    No response is required to the allegations in paragraph 311 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 311.

312.    No response is required to the allegations in paragraph 312 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 312.

313.    No response is required to the allegations in paragraph 313 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 313.

**Response to "COUNT XII MONOPOLIZATION (D.C. CODE § 28-4503)"**

314.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

315.    No response is required to the allegations in paragraph 315 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 315.

316.    No response is required to the allegations in paragraph 316 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 316.

317.    No response is required to the allegations in paragraph 317 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 317.

318.    No response is required to the allegations in paragraph 318 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 318.

319.    No response is required to the allegations in paragraph 319 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 319.

320.    No response is required to the allegations in paragraph 320 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 320.

321.    No response is required to the allegations in paragraph 321 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 321.

322.    No response is required to the allegations in paragraph 322 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 322.

323.    No response is required to the allegations in paragraph 323 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 323.

**Response to "COUNT XIII ATTEMPTED MONOPOLIZATION (D.C. CODE § 28-4503)"**

324.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

325.    No response is required to the allegations in paragraph 325 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 325.

326.    No response is required to the allegations in paragraph 326 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 326.

327.    No response is required to the allegations in paragraph 327 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 327.

328.    No response is required to the allegations in paragraph 328 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 328.

329.    No response is required to the allegations in paragraph 329 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 329.

330.    No response is required to the allegations in paragraph 330 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 330.

331.    No response is required to the allegations in paragraph 331 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 331.

332.    No response is required to the allegations in paragraph 332 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 332.

**Response to "COUNT XIV UNFAIR COMPETITION (D.C. COMMON LAW)"**

333.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

334.    SHEIN denies the allegations in paragraph 334 because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

335.    SHEIN denies the allegations in paragraph 335.

336.    SHEIN denies the allegations in paragraph 336.

337.    SHEIN denies the allegations in paragraph 337.

338.    SHEIN denies the allegations in paragraph 338.

339.    SHEIN denies the allegations in paragraph 339 to the extent they relate to trade dress.  No response is required to the remaining allegations in paragraph 339 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the remaining allegations in paragraph 339.

340.    No response is required to the allegations in paragraph 340 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 340.

**Response to "COUNT XV TORTIOUS INTERFERENCE WITH CONTRACT (D.C. COMMON LAW)"**

341.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

342.    No response is required to the allegations in paragraph 342 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 342.

343.    No response is required to the allegations in paragraph 343 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 343.

344.    No response is required to the allegations in paragraph 344 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 344.

345.    No response is required to the allegations in paragraph 345 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 345.

346.    No response is required to the allegations in paragraph 346 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 346.

### Response to "COUNT XVI TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS (D.C. COMMON LAW)"

347.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

348.    No response is required to the allegations in paragraph 348 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 348.

349.    No response is required to the allegations in paragraph 349 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 349.

350.    No response is required to the allegations in paragraph 350 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 350.

351.    No response is required to the allegations in paragraph 351 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 351.

352.    No response is required to the allegations in paragraph 352 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 352.

353.    No response is required to the allegations in paragraph 353 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 353.

### Response to "COUNT XVII TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS (D.C. COMMON LAW)"

354.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

355.    No response is required to the allegations in paragraph 355 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 355.

356.    No response is required to the allegations in paragraph 356 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 356.

357.    No response is required to the allegations in paragraph 357 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 357.

358.    No response is required to the allegations in paragraph 358 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 358.

359.    No response is required to the allegations in paragraph 359 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 359.

360.    No response is required to the allegations in paragraph 360 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 360.

**Response to "COUNT XVIII ABUSE OF PROCESS (D.C. COMMON LAW)"**

361.    SHEIN hereby incorporates each of the foregoing and following paragraphs as if fully set forth herein.

362.    No response is required to the allegations in paragraph 362 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 362.

363.    No response is required to the allegations in paragraph 363 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 363.

364.    No response is required to the allegations in paragraph 364 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 364.

365.    No response is required to the allegations in paragraph 365 given the Court's September 30, 2025 order.  To the extent a response is required, SHEIN denies the allegations in paragraph 365.

## RESPONSE TO "PRAYER FOR RELIEF"

SHEIN denies that it is liable to Temu for damages or any other relief prayed for in the Complaint and denies that Temu is entitled to any injunctive relief.

## RESPONSE TO "JURY TRIAL DEMANDED"

SHEIN admits that Temu demands a trial by jury.

## AFFIRMATIVE DEFENSES[1]

Pursuant to Federal Rule of Civil Procedure 12, SHEIN alleges and asserts the following affirmative and additional defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, subject to its responses above, SHEIN specifically reserves all rights to allege additional defenses that become known at a later date.

### First Affirmative Defense

Temu fails to plead facts sufficient to state a claim upon which relief may be granted.

### Second Affirmative Defense

Temu's claims under 17 U.S.C. § 512(f) fail, in whole or in part, because SHEIN has not knowingly misrepresented any facts in DMCA Notices sent to Temu.

---

[1]  On August 19, 2024, SHEIN filed a related separate action against Temu and its parent company, PDD Holdings Inc.  *See Roadget Business Pte. Ltd. v. PDD Holdings Inc., et al.*, No. 24-cv-2402-TJK (D.D.C.).  The claims in the related separate action could have been brought as counterclaims in this action.  SHEIN intends to file a motion to consolidate this case with the separate action so that discovery can proceed in the separate action as if those claims had been asserted as counterclaims here.  SHEIN reverses the right to seek to amend its Answer to formally add those claims as counterclaims.

### Third Affirmative Defense

Temu's claims under 17 U.S.C. § 512(f) fail, in whole or in part, because any mistakes contained in DMCA Notices sent to Temu are insufficient to show a knowing misrepresentation.

### Fourth Affirmative Defense

Temu's claims under 17 U.S.C. § 512(f) fail, in whole or in part, because SHEIN subjectively believed the truth of the facts in DMCA Notices sent to Temu.

### Fifth Affirmative Defense

Temu's copyright claims are barred, in whole or in part, because Temu's claimed works or elements thereof asserted against SHEIN in this matter are not protected by copyright and/or are not copyrightable subject matter because the elements are generic, functional, and non-creative.

### Sixth Affirmative Defense

Temu's copyright claims are barred, in whole or in part, because Temu's claimed works or elements thereof asserted against SHEIN are directed to the format, layout, and organization of information and documents on a website and/or to the look of the website and are not protected by copyright and are not copyrightable subject matter.

### Seventh Affirmative Defense

Temu's copyright claims are barred, in whole or in part, by the doctrine of copyright misuse.

### Eighth Affirmative Defense

Temu's copyright claims are barred, in whole or in part, by the doctrine of merger.

### Ninth Affirmative Defense

Temu's copyright claims are barred in whole or in part by the doctrine of scenes a faire.

### Tenth Affirmative Defense

Temu's copyright claims are barred, in whole or in part, by the doctrine of fair use.

### Eleventh Affirmative Defense

Temu's copyright claims are barred, in whole or in part, by the doctrine of independent creation.

### Twelfth Affirmative Defense

Temu's copyright claims are barred, in whole or in part, because SHEIN's works are not substantially similar to Temu's claimed works.

### Thirteenth Affirmative Defense

Temu's claims under 17 U.S.C. § 411 are barred, in whole or in part, because 17 U.S.C. § 411 does not permit a cause of action to challenge, or to seek declaratory relief regarding, allegedly inaccurate registrations or to seek their cancellation.

### Fourteenth Affirmative Defense

Temu's claims under 17 U.S.C. § 411 fail because SHEIN did not knowingly misrepresent any copyright registrations.

### Fifteenth Affirmative Defense

Temu's trade dress claims are barred, in whole or in part, because the purported trade dress is functional.

### Sixteenth Affirmative Defense

Temu's trade dress claims are barred, in whole or in part, because the purported trade dress is not distinctive.

### Seventeenth Affirmative Defense

Temu's trade dress claims are barred, in whole or in part, because the purported trade dress has failed to acquire secondary meaning.

### Eighteenth Affirmative Defense

Temu's trade dress claims are barred, in whole or in part, because the purported trade dress is not registered.

### Nineteenth Affirmative Defense

Temu's trade dress claims are barred, in whole or in part, because there is no likelihood of consumer confusion.

### Twentieth Affirmative Defense

Temu's unfair competition claim fails, in whole or in part, for the same reasons its trade dress claims fail as described in affirmative defenses fifteen, sixteen, seventeen, eighteen, and nineteen.

### Twenty-First Affirmative Defense

Temu's unfair competition claim fails, in whole or in part, because the alleged conduct did not result in any damages.

### Twenty-Second Affirmative Defense

Temu's claims and/or entitlement to relief are barred, in whole or in part, by Temu's failure to mitigate any purported damages.

### Twenty-Third Affirmative Defense

Temu's claims are barred, in whole or in part, because Temu has not suffered any cognizable damage or injury.

### Twenty-Fourth Affirmative Defense

Temu's claims are barred, in whole or in part, because Temu has unclean hands.

### Twenty-Fifth Affirmative Defense

Temu's claims are barred, in whole or in part, based on the doctrine of laches.

### Twenty-Sixth Affirmative Defense

Temu's claims are barred, in whole or in part, based on the doctrine of equitable estoppel.

### **JURY TRIAL DEMANDED**

SHEIN hereby demands a trial by jury on all issues so triable under Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 28, 2025

/s/ *Michael E. Williams*

Michael E. Williams (*pro hac vice*)
michaelwilliams@quinnemanuel.com
John B. Quinn (*pro hac vice*)
johnqunn@quinnemanuel.com
Kevin Y. Teruya (*pro hac vice*)
kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

William Burck
williamburck@quinnemanuel.com
Michael D. Bonanno
mikebonanno@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, District of Columbia 20005-3314
(202) 538-8000

Andrew H. Schapiro (*pro hac vice*)
andrewschapiro@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400

*Attorneys for Defendant ROADGET
BUSINESS PTE. LTD.*